CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
OCT 1 2 2005
JOHN F. CORCORAN, CLERK
BY: H. McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARCUS GANZIE,<br>Plaintiff, | )<br>)  Civil Action No. 7:05cv00622<br>) |
| v. | )  **MEMORANDUM OPINION**<br>) |
| D. ROBINSON,<br>Defendant. | )<br>)  By: Jackson L. Kiser<br>)  Senior U.S. District Judge |

Plaintiff Marcus Ganzie, a Virginia inmate proceeding pro se, brings what this court will construe as a complaint brought pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343.[1] In his complaint, plaintiff alleges defendant, Warden of Wallens Ridge State Prison, has instituted a water conservation policy which has resulted in reduced toilet flushing periods, reduced toilet flushing duration, reduced periods of running water in the cell, and shortened shower times. As relief, Ganzie seeks to have this court develop and institute a more "humane" water conservation plan.

After reviewing plaintiff's complaint, I am of the opinion that Ganzie has failed to raise any claim of constitutional magnitude. Accordingly, I find that these allegations must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**I.  Claims and allegations**

In his complaint, Ganzie alleges that due to a recent water emergency in Big Stone Gap, Virginia the Wallens Ridge State Prison has instituted an "intolerable" water conservation policy.

---

[1] Although petitioner styled his complaint as a request for a restraining order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, as Ganzie challenges the living conditions at his current place of incarceration, this matter is properly considered as a claim brought pursuant to 42 U.S.C. § 1983. See Roberts v. Pegelow, 313 F.2d 548, 550 (4th Cir. 1963).

Specifically, Ganzie states that under the new policy toilet flushing periods have been reduced by one flushing period per day and have a limited flushing duration of between ten and twenty seconds. However, plaintiff admits that the one flushing period which had been eliminated was at 1:00 a.m. Plaintiff contends that the reduction of flushing opportunities and the duration of flushes has resulted in an increased excrement odor in the cell areas. He further states, that in an effort to combat odor and reduce flushing, he and other inmates were urinating in water bottles. However, he states that when the defendant learned of the inmates' additional water conservation practice, water bottles were banned.

Additionally, Ganzie contends that under the water conservation policy, water is available from the sink only during the four scheduled toilet flushing periods. However, he admits that when the water is running it remains on for five minutes. Plaintiff alleges that due to the shortened running water periods, he is unable to wash his hands before meals and is unable to get drinking water. However, Ganzie does not contend that he has actually suffered any injury due to his alleged inability to wash his hands. Furthermore, he admits that to alleviate drinking water concerns all inmates are provided with six, eight ounce bags of water per day, in addition to the usual beverages served with meals.

Finally, Ganzie complains that under the new conservation policy, inmate showers are limited to five minutes, three times a week. He further laments that the showers are not adequately cleaned between inmate use.

## II. Analysis

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition

2

that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). However, a complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

Inasmuch as Ganzie's claims can be construed as a living conditions claims, they must fail. While the Eighth Amendment does protect prisoners from cruel and unusual living conditions, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). As a result, in order to state a claim of constitutional significance regarding prison conditions, a plaintiff must demonstrate not only that the living conditions violated contemporary standards of decency, but also that prison officials acted with deliberate indifference to such conditions. Wilson v. Seiter, 501 U.S. 294 (1991). Moreover, plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993).

While reduced toilet flushing periods, reduced toilet flush duration, limited running water, reduced shower times and cleaning opportunities, and a prohibition on water bottles may be

3

inconvenient and unfortunate, Ganzie has not demonstrated that, because of those conditions, he has sustained a serious or significant injury or is at risk of a future injury. In fact Ganzie claims only that the water conservation policy is causing a potential health threat because it is "highly probable" that bacteria and germs are reproducing in this environment. However, he has not produced any evidence that he nor any other inmate nor a correctional officer has actually suffered any injury as a result of the decreased toilet flushing periods, water consumption restrictions, and/or shower and cleaning opportunities. Ganzie admits that he is afforded at least four, five minute opportunities to wash his hands each day as well as at least three, five minute showers per week. Although, this may be less time than he would like, I find that Ganzie has been afforded sufficient opportunity to cleanse himself.

Furthermore, the court notes that Ganzie admits that the only toilet flushing period which was eliminated was at 1:00 a.m. Although plaintiff may have enjoyed that additional flushing opportunity in the middle of the night, I find the elimination of that flushing period does not pose any significant threat of injury. Likewise, Ganzie's complaint regarding his dislike for bagged drinking water as opposed to bottled drinking water does not present any claim of a substantial health threat. As Ganzie admits that he used water bottles to store his own excrement rather than for the intended purpose of storing water, I find it reasonable for the defendant to remove such items from Ganzie's possession and provide water only in pre-packaged baggies which are not susceptible to refill with Ganzie's own excrement. Accordingly, I find these claims must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

4

## III. Conclusion

Based on the foregoing, I find that Ganzie has failed to raise any claim of constitutional magnitude. Accordingly, I will dismiss his all claims pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

**ENTER**: This 12th day of October, 2005.

/s/ Jackson L. Kiser
Senior United States District Judge